IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:05-cv-00179-EWN-MJW

INTERNATIONAL BEAUTY PRODUCTS, LLC, a Colorado limited liability company,

Plaintiff,

v.

GARTH BEVERIDGE, et al.,

Defendants.

---

## STIPULATED MOTION FOR PROTECTIVE ORDER

---

Plaintiff International Beauty Products, Inc. ("IBP") and Defendants Garth Beveridge, Dinah Beveridge and Mustang Enterprises, Inc. (collectively, the "Defendants"), by and through their respective undersigned counsel, respectfully request that this Court adopt this *Stipulated Protective Order* as an order of this Court:

1. <u>Definitions</u>.

   a. "*Confidential Material*" shall mean all documents, materials, and information potentially entitled to protection under Fed. R. Civ. P. 26(c) and designated pursuant to paragraph two below, including but not limited to all financial documents and trade secrets of IBP and Defendants. "*Confidential Material*" is expressly intended to include any materials disclosed by a Producing Party in this action at any time prior to the date of this *Order* but only to the extent that such materials are subject to protection under Fed. R. Civ. P. 26(c), or otherwise subject to protection under the Court's *Order for Expedited Discovery* dated February 7, 2005.

b.  "Requesting Party" shall mean any party conducting a deposition pursuant to Fed. R. Civ. P. 30 and 31, propounding interrogatories pursuant to Fed. R. Civ. P. 33, requesting the production of documents pursuant to Fed. R. Civ. P. 34, or pursuant to a subpoena *duces tecum* served upon any person or entity in this proceeding, and/or otherwise seeking discovery herein, including the review of any initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(B).

c.  "Producing Party" shall mean any person or entity on whom a discovery request, in whatever form, has been propounded in this action. "Producing Party shall also include any person or entity providing initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(B).

2.  <u>Designation of Information Produced in Discovery as *Confidential Material*</u>. In responding to discovery propounded herein, any party may designate any document, material, or information produced by it as *Confidential Material*. In the case of documents, such designation shall be made by stamping the phrase "Confidential" on all pages of any document so designated, in a conspicuous place. In the case of documents consisting of more than one page, only the first page need be stamped "Confidential." In the case of deposition testimony, such designation shall be made by identifying on the record those portions of the transcript designated as *Confidential Material*. Machine readable media and other non-documentary material shall be designated as *Confidential Material* by some suitable and conspicuous means, given the form of the particular embodiment.

A party producing documents in discovery may make the designation noted herein either at the time the document is produced or at the time it is copied for delivery to the discovering party. Failure to make the designation at the time a document is made available for inspection does not

-2-

constitute a waiver of the right to designate a document as *Confidential Material*, so long as the document is so designated when copied for production to the inspecting party. The designation of material as *Confidential Material*, in the manner described hereunder, shall constitute a certification by the attorney making such designation that he or she in good faith believes the material to be potentially entitled to protection under Fed. R. Civ. P. 26(c).

3. <u>Treatment of *Confidential Material*</u>. All documents, material, and information designated as *Confidential Material* under paragraph 1(a) shall be treated in accordance with the provisions of this *Stipulated Protective Order* until such designation has been released by the party making it or by further order of the Court. Nothing herein, however, shall limit disclosure of *Confidential Material* by the party producing it, but such disclosure may be shown to constitute a waiver of a right to protection in any proceeding hereunder challenging such designation.

4. <u>Disclosure of *Confidential Material*</u>. The *Confidential Material* shall be used solely in connection with the prosecution and/or defense of this litigation, and any criminal complaint or action that may be pursued against any party, including without limitation, for purposes of settlement and for settlement negotiations, but not for any other purpose. The right of access, copying and dissemination of the *Confidential Document* shall be extended only to the following after they have signed a copy of this *Stipulated Protective Order* acknowledging they have read the *Stipulated Protective Order* and agree to be bound by the terms hereof:

    a. The Parties to this litigation, their representatives, and their attorneys;

    b. Independent experts whose technical advice and consultations are being or will be used in connection with this litigation;

  c. Paralegals, legal assistants, and clerical personnel employed by the Parties' attorneys whose functions would require them to handle the *Confidential Materials*;

  d. Any trial, appellate, or magistrate judge of any Court presiding over this litigation and any secretary, reporter or other personnel employed by such Court or any persons presiding or present at settlement negotiations; and

  e. Pursuant to a subpoena or court order, or as otherwise required by law.

Counsel for the party wishing to provide access to the *Confidential Material* or copies thereof shall be responsible for having an executed version of this *Stipulated Protective Order* provided to the person receiving access and shall have such person sign the *Stipulated Protective Order* acknowledging such person shall be bound by the terms hereof.

Further, the attorneys are charged with the responsibility of advising their partners, associate attorneys, legal support personnel, and experts or consultants who are participating in the prosecution or defense of this action to whom disclosure of *Confidential Material* may be made pursuant to this *Stipulated Protective Order*, of the terms of this *Stipulated Protective Order* and their obligations hereunder.

  5. <u>The Filing of *Confidential Material*</u>. Any document filed with the Court pursuant to this action which reproduces or otherwise discloses the *Confidential Material* shall be filed in sealed envelopes [consistent with D.C.Colo.LCivR 7.2 and 7.3] which shall be endorsed with the title of this action, an indication of the general nature of the contents of such sealed envelope or other container, and a statement in substantially the following form: "The contents of this envelope or container is subject to a *Protective Order* of the

-4-

Court, and is not to be opened or the contents revealed except as provided by the *Stipulated Protective Order* or by Order of the Court."

6. Attorneys for any party to whom copies of *Confidential Material* are furnished under the terms of this *Stipulated Protective Order* shall not disclose the substance of any such documents to any person, except pursuant to paragraph four above.

7. Any person who receives or is afforded access to any *Confidential Material* pursuant to the provisions of this *Stipulated Protective Order* shall neither use nor disclose said *Confidential Material* for any purpose other than the purposes of preparation for and conduct of this proceedings, and then solely as contemplated herein. Furthermore, such person shall take all reasonable precautions to maintain the confidentiality of such *Confidential Material*.

8. No person receiving such proprietary material pursuant to this *Stipulated Protective Order* shall disseminate such material, or use such material, except for the purposes of this action and as permitted by this *Stipulated Protective Order* or stipulation of the Parties or further Order of the Court. Specifically, *Confidential Material* may be used by any party at trial or on any appeal of this litigation without regard to the terms of this *Stipulated Protective Order*; provided, however, that all Parties reserve their respective rights to request the Court to take appropriate measures to preserve the confidentiality of such *Confidential Material*, and provided further that the Parties hereto reserve their right to question, challenge and/or object to the admissibility of such *Confidential Material* in accordance with the Federal Rules of Evidence and/or the Federal Rules of Civil Procedure.

9. Nothing herein shall apply to matters of public knowledge or shall prevent a party

from using or disclosing information known to such party prior to disclosure of the *Confidential Material* by the other party.

10. All proprietary materials and copies thereof supplied to, or obtained by, the persons designated in paragraph one above shall be returned to attorneys for the producing party at the termination of proceedings in this action.

11. If, subsequent to a party's acceptance of the *Confidential Material* subject to the aforesaid protective provisions, it shall appear to such accepting party that any of the *Confidential Material* are not of such nature as to warrant protection under provisions of this *Order*, such accepting party may file the appropriate motion with the Court. Once such a motion is filed, and the moving party makes a *prima facie* showing of non-confidentiality, the burden shall be on the party who in the first instance claimed that the materials were confidential.

12. Nothing herein shall in any respect constitute a waiver of any attorney-client or work product privilege of any party, nor does any provision herein affect the right of any party to contest any assertion or finding of confidentiality or privilege, and/or to appeal any adverse determination of the Court regarding said confidentiality or privilege.

13.     Nothing contained herein is intended to broaden the scope of information that would be entitled to protection under Fed. R. Civ. P. 26(c) or modify the Courts February 7, 2005, *Order for Expedited Discovery*.

Made an ORDER of this Court this 30TH day of August, 2005.

BY THE COURT:

*[signature]*

~~United States District Court Judge~~

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE

**APPROVED AS TO FORM:**

Dated: August 25, 2005.

*s/ [signature] Scott A. Hyman*

Allan L. Hale, Esq.
Scott A. Hyman, Esq.
Leah E. Capritta
Hale Friesen, LLP
1430 Wynkoop, Suite 300
Denver, Colorado 80202
Telephone: (720) 904-6000
haleusdc@halefriesen.com
hymanusdc@halefriesen.com
caprittausdc@halefriesen.com

Attorneys for Plaintiff

*s/ [signature] Jonathan C. Oster*

Jonathan C. Oster, Esq.
Oster & Martin, LLC
717 17th Street, #1475
Denver, Colorado 80202
Telephone: (303) 382-1202
joster@ostermartin.com

Attorneys for Defendants

I, _____, hereby acknowledge that I have read this *Stipulated Protective Order*, understand it, and will be bound by the terms hereof.

_____     _____
Date                            Printed Name

                                                 _____
                                                 Signature