IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00179-EWN-MJW

INTERNATIONAL BEAUTY PRODUCTS, LLC.,
a Colorado limited liability company,

    Plaintiff,

v.

GARTH BEVERIDGE, et al.

    Defendants.

**ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL GARTH BEVERIDGE, DINAH BEVERIDGE, AND MUSTANG TO RESPOND TO PLAINTIFF'S INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION AND REQUEST FOR EXPEDITED BRIEFING (DOCKET NO. 68)**

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on the Plaintiff's Motion to Compel Garth Beveridge, Dinah Beveridge, and Mustang to Respond to Plaintiff's Interrogatories, Requests for Production and Requests for Admission and Request for Expedited Briefing (Docket No. 68). The court has reviewed the motion and response thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits "discovery

2

regarding any matter, not privileged, that is relevant to the claim and defense of any party." "Relevant information need not be admissible . . . if the discovery appears reasonably calculated to lead to the discovery of admissible evidence" and may even include information that may be used to impeach a witness even if not directly related to the claims and defenses at issue in the case.  See Fed. R. Civ. P. 26(b)(1) and Advisory Committee Notes 2000 Amendments.

Moreover, Colorado does not recognize a right of privacy argument as to the discovery requested.  See Fed. R. Evid. 501.  See also Frontier Refining, Inc., v. Gorman-Rupp Co., 136 F.3d 695, 699 (10th Cir. 1998) (applying Colorado privilege law where Colorado supplied the rule of decision).  Although Colorado appears to recognize a constitutional right to privacy similar to California's, that right is implicated only when the party seeking the information is a government entity.  See People v. Mason, 989 P.2d 757, 760 (Colo. 1999).  Accordingly, the Defendants' claim to a privacy privilege has no application here since the Plaintiff is a private company seeking information in the context of a civil lawsuit.

Furthermore, the Plaintiff is entitled to Garth and Dinah Beveridge's tax returns.  Tax returns are not privileged, although the law disfavors their disclosure unless the tax returns are relevant to the subject matter of the litigation.  Kelling v. Bridgestone/ Firestone, Inc., 157 F.R.D. 496, 498 (D. Kan. 1994).  Several courts in the Tenth Circuit have developed a two-prong test to aid them in determining the appropriate circumstances in which to order the production of tax returns.  This test requires: (1) a finding that the returns are relevant to the subject matter of the action and (2) a

3

compelling need for the tax returns because the information is not otherwise readily obtainable.  See Hawkins v. South Plains Int'l Trucks, Inc., 139 F.R.D. 679, 681-82 (D. Colo. 1991); Kelling, 157 F.R.D. at 498.  In this case, both Garth and Dinah Beveridges' defense for the payments to Lucknow World-Wide Limited, a British Virgin Island corporation ("Lucknow"), Marksman Resources Ltd. ("Marksman), and/or Mustang Enterprises, Inc., a dissolved Nevada shell corporation ("Mustang"), is that such payments were additional compensation for services rendered to Plaintiff.  Thus, how Garth and Dinah Beveridge treated such payments for tax purposes is highly relevant, and there is a compelling need for such returns, and such information is not obtainable elsewhere.

Accordingly, as to Plaintiff's Interrogatories 22 and 23, this court finds that the objections by Defendant Garth Beveridge are without merit.  These two interrogatories are relevant and are likely to lead to admissible evidence on the issues of:  (1) what is the relationship between Garth and Dinah Beveridge and Lucknow, Marksman, and/or Mustang; (2) why Marksman paid Dinah Beveridge $307,500, which was used to purchase a home for the Beveridges in Grapevine, Texas; and (3) impeachment of anticipated testimony by Garth and Dinah Beveridge.  Accordingly, Defendant Garth Beveridge shall be required to answer fully Plaintiff's Interrogatories 22 and 23.

As to Plaintiff's Request for Production Nos. 4, 6, 8, 12, 14, 15, and 16, this court finds that the objections by Defendant Garth Beveridge are without merit.  These Requests for Production are relevant and are likely to lead to admissible evidence on the issues of:  (1) what is the relationship between Garth and Dinah Beveridge and

4

Lucknow, Marksman, and Mustang; (2) why Marksman paid Dinah Beveridge $307,500, which was used to purchase a home for the Beveridges in Grapevine, Texas; and (3) impeachment of anticipated testimony by Garth and Dinah Beveridge.  Accordingly, Defendant Garth Beveridge shall be required to respond fully to Plaintiff's Request for Production Nos. 4, 6, 8, 12, 14, 15, and 16.

As to Plaintiff's Request for Admissions Nos. 3, 9, and 21, this court finds that the objections by Defendant Garth Beveridge are without merit.  These Requests for Admissions are relevant and are likely to lead to admissible evidence on the issues of: (1) what is the relationship between Garth and Dinah Beveridge and Lucknow, Marksman, and/or Mustang; (2) why Marksman paid Dinah Beveridge $307,500, which was used to purchase a home for the Beveridges in Grapevine, Texas; and (3) impeachment of anticipated testimony by Garth and Dinah Beveridge.  Accordingly, Defendant Garth Beveridge shall be required to admit or deny Plaintiff's Request for Admissions Nos. 3, 9, and 21.

As to Plaintiff's Request for Admission No. 20, this court finds that Defendant Garth Beveridge has responded fully to this Request for Admission by denying the same.

As to Plaintiff's Request for Production Nos. 4 and 8, this court finds that the objections by Defendant Dinah Beveridge are without merit.  These Requests for Production are relevant and are likely to lead to admissible evidence on the issues of: (1) what is the relationship between Garth and Dinah Beveridge and Lucknow, Marksman, and/or Mustang; (2) why Marksman paid Dinah Beveridge $307,500, which

5

was used to purchase a home for the Beveridges in Grapevine, Texas; and (3) impeachment of anticipated testimony by Garth and Dinah Beveridge.  Accordingly, Defendant Dinah Beveridge shall be required to respond fully to Plaintiff's Request for Production Nos. 4 and 8.

As to Plaintiff's Request for Admissions Nos. 2 and 13, this court finds that the objections by Defendant Dinah Beveridge are without merit.  These Requests for Admissions are relevant and are likely to lead to admissible evidence on the issues of: (1) what is the relationship between Garth and Dinah Beveridge and Lucknow, Marksman, and/or Mustang; (2) why Marksman paid Dinah Beveridge $307,500, which was used to purchase a home for the Beveridges in Grapevine, Texas; and (3) impeachment of anticipated testimony by Garth and Dinah Beveridge.  Accordingly, Defendant Dinah Beveridge shall be required to admit or deny Plaintiff's Request for Admissions Nos. 2 and 13.

As to Plaintiff's Request for Production Nos. 4 and 8, this court finds that the objections by Mustang are without merit.  These Requests for Production are relevant and are likely to lead to admissible evidence on the issues of:  (1) what is the relationship between Garth and Dinah Beveridge and Lucknow, Marksman, and/or Mustang; (2) why Marksman paid Dinah Beveridge $307,500, which was used to purchase a home for the Beveridges in Grapevine, Texas; and (3) impeachment of anticipated testimony by Garth and Dinah Beveridge.  Accordingly, Mustang shall be required to respond fully to Plaintiff's Request for Production Nos. 4 and 8.

As to Plaintiff's Request for Admissions No. 7, this court finds that the objections

6

by Mustang are without merit.  This Request for Admission is relevant and is likely to lead to admissible evidence on the issues of:  (1) what is the relationship between Garth and Dinah Beveridge and Lucknow, Marksman, and/or Mustang; (2) why Marksman paid Dinah Beveridge $307,500, which was used to purchase a home for the Beveridges in Grapevine, Texas; and (3) impeachment of anticipated testimony by Garth and Dinah Beveridge.  Accordingly, Mustang shall be required to admit or deny Plaintiff's Request for Admission No. 7.

## ORDER

Based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion to Compel Garth Beveridge, Dinah Beveridge, and Mustang to Respond to Plaintiff's Interrogatories, Requests for Production and Requests for Admission and Request for Expedited Briefing (docket no. 68) is **GRANTED IN PART AND DENIED IN PART** as follows.

2. That the motion is **DENIED** insofar as the request for expedited briefing and as to Request for Admission No. 20 to Defendant Garth Beveridge.  Defendant Garth Beveridge has responded fully to this Request for Admission No. 20  by denying the same.

3. That the remainder of the motion is **GRANTED** as follows. Defendant Garth Beveridge shall answer Interrogatories 22 and 23. Defendant Garth Beveridge shall respond fully to Request for Production Nos. 4, 6, 8, 12, 14, 15, and 16.  Defendant Garth

7

Beveridge shall answer Request for Admissions Nos. 3, 9, and 21. Defendant Garth Beveridge shall provide his answers and responses to Plaintiff on or before October 14, 2005.

Defendant Dinah Beveridge shall respond fully to Request for Production Nos. 4 and 8. Defendant Dinah Beveridge shall answer Request for Admissions Nos. 2 and 13. Defendant Dinah Beveridge shall provide her answers and responses to Plaintiff on or before October 14, 2005.

Defendant Mustang Enterprises, Inc., shall respond fully to Request for Production Nos. 4 and 8. Mustang shall answer Request for Admission No. 7. Mustang shall provide its answers and responses to Plaintiff on or before October 14, 2005.

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 4th day of October 2005.

BY THE COURT

/s Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge