IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00179-EWN-MJW

INTERNATIONAL BEAUTY PRODUCTS, LLC.,
a Colorado limited liability company,

      Plaintiff,

v.

GARTH BEVERIDGE, et al.

      Defendants.

---

**ORDER REGARDING DEFENDANTS GARTH AND DINAH BEVERIDGE'S MOTION
FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE,
MOTION TO QUASH SUBPOENA
(DOCKET NO. 81)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendants Garth and Dinah Beveridge's Motion for Protective Order or, in the Alternative, Motion to Quash Subpoena (Docket No. 81). The court has reviewed the motion and response thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits "discovery regarding any matter, not privileged, that is relevant to the claim and defense of any party." "Relevant information need not be admissible . . . if the discovery appears

2

reasonably calculated to lead to the discovery of admissible evidence" and may even include information that may be used to impeach a witness even if not directly related to the claims and defenses at issue in the case.  See Fed. R. Civ. P. 26(b)(1) and Advisory Committee Notes 2000 Amendments.

Colorado does not recognize a right of privacy argument as to the discovery requested.  See Fed. R. Evid. 501.  See also Frontier Refining, Inc., v. Gorman-Rupp Co., 136 F.3d 695, 699 (10th Cir. 1998) (applying Colorado privilege law where Colorado supplied the rule of decision).  Although Colorado appears to recognize a constitutional right to privacy similar to California's, that right is implicated only when the party seeking the information is a government entity.  See People v. Mason, 989 P.2d 757, 760 (Colo. 1999).  Accordingly, the Defendants' claim to a privacy privilege has no application here since the Plaintiff is a private company seeking information in the context of a civil lawsuit.

Furthermore, the court finds that the subpoena duces tecum directed to Washington Mutual Bank, F.A., is not overly broad and is permissibly within the scope of discovery.  See Fed. R. Civ. P. 26(b)(1) above.  The subpoena duces tecum seeks information relevant to Plaintiff's claims and to the Defendants Garth and Dinah Beveridges' defenses.  Moreover, the subpoena duces tecum seeks information that is relevant on the issue of impeachment as it pertains to the likely testimony of Defendants Garth and Dinah Beveridge.

**ORDER**

Based upon these findings of fact and conclusions of law, this court **ORDERS**:

3

1. That Defendants Garth and Dinah Beveridge's Motion for Protective Order or, in the Alternative, Motion to Quash Subpoena (Docket No. 81) is **DENIED**.

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 25th day of October 2005.

BY THE COURT

/s Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge